

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

**DONALD MARVIN JOHNSON,**
   Plaintiff,

v.

**JEFFREY W. CLYMER,**
in his official capacity as Judge of the Porter Superior Court,
   Defendant.

Case No.: _____ 2:26cv2 _____
Hon. _____

# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
(42 U.S.C. § 1983)

## I. JURISDICTION AND VENUE
This action arises under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343. Venue is proper in this District because all events giving rise to the claims occurred here and Defendant performs official duties here.

## II. PARTIES
Plaintiff Donald Marvin Johnson is an Indiana resident. Defendant Jeffrey W. Clymer is a Judge of the Porter Superior Court and is sued solely in his official capacity for prospective declaratory and injunctive relief.

## III. FACTUAL BACKGROUND
This action concerns ongoing and imminent violations of Plaintiff's Fourteenth Amendment right to adjudication before a neutral and detached judicial officer, resulting from Defendant's continued exercise of judicial power after neutrality was objectively compromised. This case does not challenge the correctness of state-court rulings. It challenges the use of judicial process as a punitive and coercive mechanism prior to adjudication, resulting in the deprivation of liberty and property by a tribunal that has become structurally incapable of neutral decision-making.

## A. Consolidated Judicial Control

Defendant currently presides over three active matters involving Plaintiff: a probation revocation proceeding arising from a securities case, a criminal obstruction prosecution, and a civil foreclosure judgment lien revival proceeding. Defendant personally presides in Plaintiff's hearings and reassigned the obstruction case to himself after it was initially assigned to another judge.

## B. Pattern of Coercive, Pre-Adjudicative Use of Judicial Power

1. From August 2023 to present, Defendant repeatedly engaged in persistent hostile and antagonistic bench conduct toward Plaintiff, evidencing an adversarial posture incompatible with neutral adjudication.
2. From January 2024 to October 2024, Defendant asserted and exercised unauthorized control over Plaintiff's alleged assets, exceeding the adjudicative role and assuming an enforcement function.
3. In February 2024, May 2024, July 2024, and October 2024, Defendant affirmatively assumed the role of investigator and enforcer regarding Plaintiff's alleged assets, threatening receivership and forced sales.
4. In July 2024, Defendant compelled Plaintiff to testify under oath under threat of incarceration, despite Plaintiff's express statement that he did not wish to proceed without counsel.
5. In July 2024, November 2024, and April 2025, Defendant compelled Plaintiff to proceed in hearings without counsel, despite Plaintiff's express statement that he did not wish to proceed without counsel.
6. In October 2024, Defendant ordered Plaintiff's arrest as a coercive enforcement measure when a restitution payment was two days late, without an ability-to-pay hearing.
7. From October 2024 to present, Defendant enforced and prolonged a facially defective obstruction charge, thereby subjecting Plaintiff to ongoing criminal jeopardy without adjudication, and has knowingly and repeatedly failed to rule on Plaintiff's motion to dismiss for approximately eight months while continuing to exercise control over the case.
8. From October 2024 to July 2025, Defendant ordered and maintained Plaintiff's detention without bond for 264 days on the pending probation revocation, far exceeding the 15-day statutory limit, without adjudication of the alleged violations.
9. From November 2024 to November 2025, Defendant knowingly and repeatedly failed to rule on pro se motions directly affecting Plaintiff's liberty, including motion for immediate release.
10. In October 2024, December 2024, April 2025, and July 2025, Defendant made repeated statements reflecting predetermination of guilt and adverse credibility findings, prior to adjudication.

2

11. From November 2024 to July 2025, Defendant denied Plaintiff access to discovery while Plaintiff was incarcerated and unrepresented, while simultaneously holding Plaintiff to attorney-level procedural standards.

12. In April 2025, Defendant treated Plaintiff's invocation of the Fifth Amendment as an adverse factor justifying continued detention or enforcement.

13. On July 14, 2025, Defendant conditioned Plaintiff's release from custody on payment of $50,000, converting continued detention into a coercive mechanism for extracting payment.

14. In November 2025, after being placed on formal notice of objective grounds requiring disqualification, Defendant affirmatively continued to preside over Plaintiff's cases and to exercise coercive judicial authority, despite a reasonable and documented basis to doubt neutrality.

15. In November 2025, Defendant approved revival of a statutorily expired foreclosure judgment lien without adjudicated standing and continues to preside over enforcement proceedings arising from that void order.

## C. December 9, 2025 Order and Continuing Coercion

On December 9, 2025, Defendant imposed a new restitution payment schedule without a hearing and restricted Plaintiff's pro se filings. Plaintiff appealed and moved to stay enforcement on December 16, 2025, which Defendant has not ruled upon. Plaintiff's family made the December 25 payment under written protest to avoid coercive enforcement. Monthly exposure continues. Absent federal intervention, Plaintiff will continue to be subjected to recurring coercive compliance obligations enforced through the credible threat of arrest, detention, or revocation.

## D. Imminence and Lack of Adequate State Remedy

A status hearing is scheduled for January 12, 2026. Defendant presently retains authority to advance revocation proceedings, rule on dispositive motions, and impose consequences affecting liberty and property. Plaintiff is also subject to a recurring court-ordered payment obligation, with the next payment due on January 25, 2026. Absent federal intervention, Plaintiff will again face immediate coercive exposure to arrest, detention, or revocation proceedings before a tribunal whose neutrality has been objectively compromised. Plaintiff has sought relief through available state mechanisms to obtain a neutral adjudicator, including a verified motion for change of judge, petitions for extraordinary relief, and a complaint to the Indiana Commission on Judicial Qualifications. Those efforts did not result in reassignment or otherwise prevent Defendant's continued presiding. As a result, Plaintiff lacks an adequate state forum to prevent the ongoing constitutional injury alleged herein. Plaintiff faces imminent irreparable harm absent federal relief.

3

## IV. CLAIM FOR RELIEF

Defendant's continued presiding, after neutrality was objectively compromised, violates the Fourteenth Amendment guarantee of a neutral and detached adjudicator. Plaintiff seeks only prospective declaratory and injunctive relief. Due process is violated where a judge's prior conduct creates an objective and reasonable basis to doubt neutrality, regardless of subjective intent.

## V. PRAYER FOR RELIEF

Plaintiff requests a declaration that he is entitled to adjudication before a neutral judicial officer and an injunction prohibiting Defendant from presiding over Plaintiff's active cases unless and until a neutral judicial officer is assigned.

Respectfully submitted,

Donald Marvin Johnson
Plaintiff, Pro Se
222 N. Mineral Springs Rd.
Porter, IN  46304
219-405-5758
Don@DonJohnsonRealEstate.com
Date: January 5, 2026.